[Cite as *State v. Dunn*, 2020-Ohio-1261.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CLAUDINE DUNN | : | Case No. 2019 CA 00101 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court,
                             Case No. 19CRB01361


JUDGMENT:                    Reversed and Conviction Vacated


DATE OF JUDGMENT:            March 31, 2020


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

J. MICHAEL KING                         CLAUDINE DUNN, PRO SE
40 West Main Street                     1213 Woodbrook Lane
Fourth Floor                            Apt. H
Newark, OH  43055                       Columbus, OH  43223

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Claudine Dunn, appeals the September 26, 2019 journal entry of the Municipal Court of Licking County, Ohio finding her guilty of failure to disclose personal information.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 18, 2019, Newark police officers responded to a call of loud noises in the area of Crocus Court in Newark, Ohio.  Upon arriving in the area, the officers observed a clearing with a large tent.  A male individual in the tent gave his name.  A female individual, appellant herein, was inside the tent.  There were two vehicles near the tent.  One was registered to appellant and the other was registered to someone other than the male individual.  After checking the registrations, the officers returned to the tent.  The male individual was gone and appellant refused to identify herself.

{¶ 3}   As a result, appellant was charged with obstructing official business in violation of R.C. 2921.31 and failure to disclose personal information in violation of R.C. 2921.29.  A bench trial commenced on September 26, 2019.  By journal entry filed same date, the trial court found appellant not guilty of the obstructing charge and guilty of the failure to disclose charge.  The trial court ordered appellant to pay a $75.00 fine plus court costs.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5} "THE TRIAL COURT ERRED IN FAILING TO ACQUIT AND/OR DISMISS THE COMPLAINT AGAINST APPELLANT IN THAT O.R.C. 2921.29 WAS NOT VIOLATED BY THE CONDUCT OF THE APPELLANT."

II

{¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO SUPPRESS ALL VISUAL OBSERVATIONS AND WRITTEN STATEMENTS OBTAINED FROM APPELLANT, IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."

III

{¶ 7} "[IDENTICAL TO ASSIGNMENT OF ERROR II]"

IV

{¶ 8} "THE DEFENDANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 1 SECT. 10 OF THE CONSTITUTION FOR THE STATE OF OHIO."

V

{¶ 9} "THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE AN ACCURATE ACCOUNT OF TRIAL PROCEEDINGS."

I

{¶ 10} In her first assignment of error, it appears appellant is claiming her conviction for failure to disclose personal information was against the sufficiency of the evidence.  We agree.

{¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State*

*v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 12} As noted in appellee's brief at 5, appellant was convicted of failure to disclose personal information in violation of R.C. 2921.29(A)(1) which states:

> (A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:
>
> (1) The person is committing, has committed, or is about to commit a criminal offense.

{¶ 13} The key questions are whether appellant was in a "public place" and whether the officers "reasonably suspect[ed]" that appellant "[wa]s committing, ha[d] committed, or [wa]s about to commit a criminal offense." If so, appellant violated R.C. 2921.29(A)(1) in refusing to identify herself; if not, appellant did not violate the statute. *State v. Dickman,* 10th Dist. Franklin No. 14AP-597, 2015-Ohio-1915, ¶ 13.

{¶ 14} Newark Police Officer David Burris testified he responded to calls of a noise disturbance in the area of Crocus Court. September 26, 2019 T. at 5. He investigated the private property of Charlie Franks and observed a clearing with a tent and two vehicles. *Id.* at 6-7. Upon approaching the tent, a male individual popped up, still inside the tent. *Id.* at 7-8. Officer Burris could see through the mesh part of the tent and

observed that the male individual was naked. *Id.* He could also see another individual in the tent, appellant herein. *Id.* at 7. The male individual gave Officer Burris a name, and the officer returned to his cruiser to run a check on the license plates of the two vehicles to see if the name matched either vehicle. *Id.* at 9. It did not. *Id.*

{¶ 15} By that point, Newark Police Officer Wesley Jackson had arrived on the scene. Officer Burris asked appellant about the whereabouts of the male individual, and instructed Officer Jackson to obtain her information. *Id.* at 10, 12. Officer Burris testified they needed appellant's name and information "for reporting the incident on a NIBRS report." T. at 16. At that time, he did not know whether he was going to take her to jail. *Id.* The trial court asked the officer "what did the defendant do specifically that hampered or impeded your investigation?" T. at 17. Officer Burris stated, "[s]he wouldn't disclose her information. She was asked for her her social security number or her name." *Id.* Officer Burris explained after they asked her to exit the tent, she obstructed their investigation by taking her clothes off, delaying their attempt to locate the male individual. *Id.*

{¶ 16} Officer Jackson testified he made contact with appellant in the tent and his responsibility was to identify who she was. *Id.* at 19. She did not identify herself. *Id.* at 22. When he asked her to exit the tent, she removed the robe she was wearing and asked if she could get dressed first. *Id.* at 21, 23.

{¶ 17} Appellant testified on the day in question, she was in a tent on private property with permission from the property owner. *Id.* at 25. After the male individual exited the tent, the officers approached the tent and started asking her questions. *Id.* at 29. She told them she was not going to answer any questions until she got dressed first. *Id.* at 30. She removed the flimsy silky robe she was wearing and started to get dressed.

*Id.* 29-30. Before she was completely dressed, the officers unzipped the door to the tent and entered. *Id.* at 30. Appellant explained, "[s]o I'm trying to get dressed so I can go get them whatever information they needed to have. So I'm wrapping up my knee and I'm pulling my pants up and as soon as I pull my pants up, he's already got handcuffs on me." *Id.* When crossed-examined on why she did not tell the officers her name, appellant explained, "I wanted to get dressed first. I felt it was improper for two men to stand there questioning a woman with her bottom hanging out." *Id.* at 32-33.

{¶ 18} The record does not establish a violation of R.C. 2921.29(A)(1). Appellant was on private property with the permission of the property owner, not a public place. Neither officer articulated that they "reasonably suspect[ed]" that appellant "[wa]s committing, ha[d] committed, or [wa]s about to commit a criminal offense." They wanted her information to include it on a report.

{¶ 19} Upon review, we find insufficient evidence to support a conviction for failure to disclose personal information.

{¶ 20} Assignment of Error I is granted.

## II, III, IV, V

{¶ 21} Given our disposition of Assignment of Error I, these assignments of error are moot.

{¶ 22} The judgment of the Municipal Court of Licking County, Ohio is hereby reversed and the conviction is vacated.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.


EEW/db