[Cite as *State v. Smith*, 2021-Ohio-291.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190419 |
| | | TRIAL NO. 19CRB-9679 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| CAMERON SMITH, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  February 3, 2021


*Andrew W. Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Tyler Liston,* Assistant City Solicitor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Cameron Smith appeals his conviction for telecommunication harassment following a bench trial. We find that the conviction was not supported by legally sufficient evidence, and we reverse the judgment of the trial court and discharge Smith.

## Factual Background

{¶2} On April 21, 2019, Cameron Smith was charged with telecommunications harassment in violation of R.C. 2917.21(B). The complaint charged Smith with violating R.C. 2917.21(B), but does not clarify whether it is based on subsection 1 or 2. However the language in the complaint tracks the language of R.C. 2917.21(B)(1). The complaint alleged that: "Smith did 'make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.' "

{¶3} Smith pled not guilty and proceeded to a bench trial.

{¶4} Anna Farrell, the prosecuting witness, testified that Cameron Smith was the father of her grandson. In March 2019, she received a friend request from "Pablo Moneytrain Esco," a name she did not recognize. However, she knew it was from Smith because the profile picture on the account depicted Smith and her grandson. When Farrell saw the name on the friend request, she asked her daughter who confirmed that Smith had changed his name on Facebook to "Pablo Moneytrain Esco."

{¶5} Farrell did not want to be friends with Smith because he and her daughter were constantly fighting. Smith allegedly broke her daughter's jaw on

February 13, 2019. On that day, she blocked all of Smith's phone numbers so he could not contact her. In early March, she found out that Smith had been in her home. At that time, her daughter was living with her and denied that Smith had been there.

{¶6} Farrell did not accept or decline the friend request. Instead, she clicked on the profile picture and was able to view his Facebook page because it was public. Farrell saw a post on his Facebook page of a photo of Smith holding a gun with a caption below the photo which stated, "NO DRIVE BY THIS PERSONAL HIT CHA CLOSE RANGE." Farrell interpreted the post as a threat directed at her, so she screenshot the post and filed a criminal complaint against Smith on April 21, 2019.

{¶7} On cross-examination, Farrell admitted that she had received the friend request on February 5, 2019, although she did not see it until March. The friend request was the only telecommunication that Smith had sent her. She confirmed that the post that she believed was directed toward her had been posted on Smith's Facebook page on February 27, 2019. Smith did not send her the post or tag her on the post, but she believed that he posted it to threaten her.

{¶8} After Farrell's testimony, the city rested, and Smith called Detective Charles Gardner to testify. Detective Gardner testified that he was assigned to investigate the complaint. According to the police report and Farrell, the telecommunication was sent to Farrell on March 22, 2019. Gardner contacted Farrell, and she stated that felt threatened by the post.

{¶9} After Gardner's testimony, the defense rested. In closing arguments, the city argued that the friend request was sent specifically to threaten Farrell. The city further argued that the friend request was sent because Smith had no other way

to contact Farrell because she had blocked all of his numbers from her phone.

{¶10} The trial court found Smith guilty without making any factual findings. The trial court sentenced Smith to 180 days in jail, with 116 days suspended and credit for 64 days, and one year of community control. The court also ordered him to stay away from Anna Farrell and to delete all gun photos from his Facebook page, and imposed a $150 fine and court costs. The court denied Smith's request to stay the sentence pending appeal.

{¶11} Raising four assignments of error, Smith contends that the guilty finding was based on insufficient evidence, the guilty finding was contrary to law, the trial court erred when it applied the wrong mens rea to convict him, and he was deprived of his right to effective assistance of trial counsel.

### The Evidence was Insufficient to Support the Conviction

{¶12} "In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt." *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 19, citing *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶13} R.C. 2917.21(B)(1) provides: "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." Smith contends that the city failed to prove that he sent the friend request with a purpose to threaten Farrell.

{¶14} The critical inquiry is not whether the recipient of the communication

4

felt threatened by the communication, but rather, whether the purpose of the person who made the communication was to abuse, threaten, or harass the person called. *In re C.W.*, 1st Dist. Hamilton Nos. C-180677 and C-180690, 2019-Ohio-5262, ¶ 14, citing *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 15, citing *State v. Bonifas*, 91 Ohio App.3d 208, 211-212, 632 N.E.2d 531 (3d Dist.1993). A person acts purposely "when it is his specific intention to cause a certain result, or, when the gist of his offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶15} The statute creates a specific-intent crime which requires the state to prove that the defendant's specific purpose was to threaten the victim. *See In re C.W.* at ¶ 15. Thus the state must prove, beyond a reasonable doubt, that Smith's purpose in sending the friend request was to threaten Farrell. *See State v. Ellison*, 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶ 16 (1st Dist.). Evidence is insufficient if it establishes only that the accused knew or should have known that his conduct would probably result in a threat. *Id.* at ¶ 15. "The legislature has created this substantial burden to limit the statute's scope to criminal conduct, not the expression of offensive speech." *Id.*

{¶16} Under the city's theory of the case, Smith's friend request was sent to lead Farrell to the threatening image and text. However, the friend request did not contain a photo of Smith with the gun or the message "NO DRIVE BY THIS PERSONAL HIT CHA CLOSE RANGE." And, at the time the friend request was sent, the photo and message had not yet been posted to his Facebook page. The telecommunication that Smith sent contained a photo of him with his son. The

friend request did not express any intent to threaten Farrell. The city had the burden of establishing beyond a reasonable doubt that Smith's specific purpose in making the telecommunication was to threaten Farrell. Absent any evidence that the friend request was sent with the purpose to threaten Farrell, the city failed to establish an element of the crime. *See In re C.W.* at ¶ 15.

{¶17} The city argues that the facts and circumstances at the time the friend request was sent constituted sufficient circumstantial evidence to prove that his purpose was to threaten Farrell. Smith had allegedly assaulted Farrell's daughter and Farrell had blocked his phone numbers so Facebook was Smith's only means of contacting Farrell. The problem with this argument is that the friend request was sent on February 5, but the alleged assault on Farrell's daughter occurred on February 13. That is also the day that Farrell blocked Smith from calling her. The gun photo was not posted on Smith's Facebook page until February 27. The city's argument is based on the date that Farrell saw the friend request which was sometime in March. But the burden on the city was to prove Smith's purpose at the time the friend request was sent. *See id.*; *Ellison* at ¶ 16.

{¶18} Therefore, the evidence was insufficient to prove that the purpose of the friend request was to threaten Farrell. We sustain the first assignment of error. We find his second, third, and fourth assignments of error are moot, and we decline to address them.

## Conclusion

{¶19} We hold that the evidence was insufficient to support the trial court's finding that Smith was guilty of telecommunications harassment. We sustain the first assignment of error, reverse the trial court's judgment, and discharge Smith

6

from further prosecution.

Judgment reversed and appellant discharged.

**MYERS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry this date.