[Cite as *State v. Crump*, 2021-Ohio-2574.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190636 |
| | | C-190637 |
| Plaintiff-Appellee, | : | TRIAL NOS. 18CRB-20414A |
| | | 18CRB-20414C |
| vs. | : | |
| | | *O P I N I O N.* |
| SHAWN CRUMP, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: July 28, 2021


*Andrew Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan D. Woodall*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}     Following a bench trial, defendant-appellant Shawn Crump was convicted of obstructing official business, in violation of R.C. 2921.31, and failing to disclose personal information, in violation of R.C. 2921.29(A)(1).  On appeal, Crump contests the sufficiency and weight of the evidence underlying his convictions.  For the reasons that follow, we affirm the trial court's judgments.

## Background Facts and Procedure

{¶2}     On August 6, 2018, Crump was arrested and charged with obstructing official business, disorderly conduct, and failure to disclose personal information.  The charges arose out of a confrontation Crump had with the police on that day around 6 p.m.  The case proceeded to a bench trial.

{¶3}     The state's evidence showed Cincinnati police officers observed a teenaged girl standing alongside Hamilton Avenue near the Cincinnati Police Department's District Five station.  The girl was crying and wearing a four-foot long cardboard sign hung around her neck that read, "I'm a th[ie]f."  Police officers observed that she had a swollen thumb and she complained of pain.  Their attempts to investigate the girl's welfare were interrupted by Crump, who identified himself as the girl's father and pulled her behind him.  Crump delayed the investigation by repeatedly telling the police they could not talk to his daughter and instructing her accordingly.

{¶4}     When a crew from the fire department arrived at the scene, Crump again pulled his daughter behind him and refused requests that medical personnel be allowed to look at the injury.   Eventually, Crump was arrested so that his daughter could be evaluated.  Initially, Crump calmly submitted to the arresting officer, but

2

once in handcuffs he became irate, shouting profanity-laced objections and commanding his daughter's silence.

{¶5} Before the fire department's arrival, investigating officers had asked Crump to provide his name and his address. He provided his full name to one officer, but he never provided an address, indicating only that he lived "down the street."

{¶6} Defense counsel cross-examined the two investigating officers who testified by showing them "relevant" portions of the encounter that had been captured on their body-worn cameras and saved to a DVD. Although the DVD accepted into evidence contained additional footage from the officers' cameras, defense counsel identified "for the record" the authenticated segments he had played in court.

{¶7} During closing argument, defense counsel argued that Crump had exercised his privilege as a parent to refuse medical treatment for his child, conduct that could not be sanctioned under the obstructing statute. Further, defense counsel contended that Crump's failure to provide his address did not hamper the completion of the police report and thus did not result in a violation of the obstructing-official-business or failure-to-disclose statutes. Finally, defense counsel argued that Crump's words and manner were not sufficiently egregious to satisfy the disorderly-conduct statute.

{¶8} Ruling from the bench, the judge found Crump guilty of the obstructing and failure-to-identify offenses, but not guilty of the disorderly-conduct offense. These timely appeals followed.

## Standards of Review

{¶9}    Crump's sole assignment of error challenges his convictions on sufficiency and weight-of-the-evidence grounds.   When reviewing the sufficiency of the evidence, this court asks whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶10}    Conversely, when considering a claim that the evidence weighs against a conviction, this court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and new trial ordered*."*   *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983), quoted in *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

## Obstructing Official Business

{¶11}    R.C. 2921.31(A) provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶12}    Crump maintains the evidence fails because he acted with "privilege" in refusing medical treatment for his daughter.   " 'Privilege' means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."   R.C. 2901.01(A)(12).

4

{¶13} For Crump's proposition, he cites cases supporting the argument that a parent has a constitutionally protected liberty interest to decide whether a child receives medical treatment. *See In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990), citing *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) ("Parents have a 'fundamental liberty interest' in the care, custody, and management of the child."); *In re S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, ¶ 15. Crump concedes that the right to refuse medical treatment for a child is not without limitation, but he asserts absent an urgent need for care, a parent's refusal to consent to treatment must stand unless a court orders otherwise. *See In re S.H.* at ¶ 38. Because the injury in this case involved a nonurgent, nonlife threatening injury to his daughter's hand, Crump concludes he had the constitutional right to refuse medical treatment for his daughter and thus, he acted with privilege in refusing a physical examination of her.

{¶14} For purposes of this appeal, we accept Crump's summary of the law regarding a parent's constitutional right to refuse medical treatment for his or her child. We conclude, however, that Crump's argument based on this law is misplaced. The dispositive issue here is whether Crump had a privilege to impede a police investigation into his daughter's welfare, including the degree and source of her injury.

{¶15} Crump argues this case does not involve an officer's suspicion of a crime such as domestic violence or assault, but that argument simply ignores the facts. One of the investigating officers expressly testified he suspected Crump's daughter had been assaulted, perhaps by him.

**{¶16}** Ultimately, we conclude Crump's privilege-based argument is meritless, and that his conviction for obstructing official business was supported by sufficient evidence and was not against the manifest weight of the evidence.

### Failure to Disclose Personal Information

**{¶17}** Next we review Crump's arguments challenging his conviction for failing to disclose personal information to the investigating officers. The relevant statute provides, "No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects * * * [t]he person is committing, has committed, or is about to commit a criminal offense." R.C. 2921.29(A)(1). This subsection of R.C. 2921.29 applies to questioning in the context of an investigative detention, or "*Terry* stop," and not to questions posed during a consensual encounter. *State v. Starcher*, 7th Dist. Jefferson No. 14JE17, 2014-Ohio-5223, ¶ 19-21.

**{¶18}** Crump argues that he merely failed to provide his specific address during a consensual encounter, and that his conduct was not criminal because it did not prevent the arresting officer from obtaining his personal information in a timely manner for purposes of filling out the arrest form. We reject these arguments. First, the evidence shows the police elicited Crump's personal information during an investigative detention based on reasonable suspicion of domestic violence, not during a consensual encounter. Second, the subject statute does not contain the additional element of obstruction.

**{¶19}** Finally, at oral argument, appellate counsel advanced an argument attacking the conviction based on footage that the trial court did not view but that allegedly was submitted to the court on the DVD containing the videos from the body-worn cameras. As a reviewing court, our record is limited to the record before

the trial court. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). Here, the transcript from the trial shows the court admitted only the "relevant" portions of the DVD, the footage that defense counsel specifically identified and showed in court. Because this new argument is based on evidence outside the record, we reject it. *See id.* at paragraph one of the syllabus.

{¶20} Ultimately, the evidence shows a recalcitrant father, in the process of disciplining a child with a visible injury, who failed to provide his street address to an officer seeking that information during a well-founded investigation into whether the father had inflicted the child's injury. We conclude that Crump's conviction for violating R.C. 2921.29(A)(1) was supported by sufficient evidence and was not against the weight of the evidence. The trial court was in the best position to weigh the evidence, and the record demonstrates the trial court did so carefully. We cannot say this is an "exceptional case" in which the evidence weighs heavily against a conviction. *See Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.

## Conclusion

{¶21} Crump's convictions for obstructing official business and failing to disclose personal information were supported by sufficient evidence and were not against the manifest weight of the evidence. Consequently, we overrule the assignment of error and affirm the trial court's judgments.

Judgments affirmed.

**MYERS, P.J.,** and **SUNDERMANN, J.,** concur.

J. HOWARD SUNDERMANN, JR., retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry this date.