[Cite as *State v. Guleff*, 2024-Ohio-748.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2023 CA 00036 |
| CHRISTOPHER RAY GULEFF | |
|     Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Alliance Municipal Court, Case No. 2022 CRB 01434 |
| JUDGMENT: | Affirmed and Vacated |
| DATE OF JUDGMENT ENTRY: | February 29, 2024 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| ERIC FINK<br>ASSISTANT PROSECUTOR<br>470 East Market Street<br>Alliance, Ohio  44601 | D. COLEMAN BOND<br>600 Courtyard Centre<br>116 Cleveland Avenue NW<br>Canton, Ohio  44702 |

*Wise, J.*

**{¶1}** Defendant-Appellant, Christopher Ray Guleff, appeals his convictions and sentences on obstructing official business, resisting arrest and failure to disclose personal information entered in the Alliance Municipal Court, Stark County, Ohio following a jury trial. Plaintiff-Appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

**{¶2}** In the early morning hours of September 13, 2022, Detective Bob Rajcan of the Alliance City Police Department was working the OVI Task Force under the direction of the Stark County Sheriff's Division in Alliance, Ohio. He was wearing an Alliance Police Officer's Uniform and patrolling in a marked police cruiser. While his main duty that night was patrolling for impaired drivers, he was also surveilling in the north end of town around the area of Vine Street and Rockhill Avenue because there had been some car break-ins in the area. Tr. I, 86-89. Sergeant Steven Minich of the Alliance Police Department was also surveilling the area and was parked in the parking lot of the Senior Citizen's Center on West Vine Street looking for speeders and kids breaking into cars. Tr. I, 143-145.

**{¶3}** Rajcan observed a male, later identified as appellant, wearing dark clothing diagonally crossing the roadway from the cemetery. Rajcan activated his "white take down lights" and flooded the area where Guleff was walking. Tr. 1, 91-95. Rajcan got out of the patrol car and asked Guleff to identify himself and what he was doing that time in the morning and that he was "crossing the roadway incorrectly." Tr. 1, 92. Meanwhile, Minich saw someone talking with Rajcan and drove over to the area where they were standing. Guleff asked to call his attorney before he identified himself and Rajcan told

him that he could, thinking no attorney would answer the telephone. The attorney did answer and advised Guleff to identify himself to the police officers and he did, giving them his name, social security number and other information. Indeed, Guleff gave the information to Rajcan "so rapidly" that Rajcan asked him to slow down. Tr. I, 93, 146. Rajcan was wearing a body camera, but it was not activated during the initial encounter with Guleff. Tr. I, 94-95.

{¶4} Rajcan told Guleff he wasn't free to leave, and he walked to his patrol car so that he could identify who he was and whether he resided in the area. Tr. I, 97.

{¶5} Minich stayed with Guleff. Guleff said "have a good day" and turned to leave. Minich grabbed him by the hood of his shirt and walked him back. Minich was still holding Guleff and told him to "face away from me and to stay there." Tr. I, 150. Guleff did not obey that command of Minich and three times turned to face Minich. Minich finally told Guleff he was going to be arrested, and Guleff turned, pushed into Minich and continued to walk away. Tr. I, 151.

{¶6} Minich took him to the ground to subdue him, told him he was under arrest, and continued to try to put handcuffs on him. Tr. 1, 151-153. Because Guleff continued resisting the handcuffs, Minich applied pressure under his nose and behind his ear which is called a c-clamp, meant to ensure compliance so no one gets injured. Tr. 1, 151-155.

{¶7} The officers' body worn cameras were activated and played for the jury at his trial. State's Exh. 1.

{¶8} Guleff was finally placed in handcuffs, arrested and taken to the Alliance Police Station for booking. Guleff complained of abrasions and was taken to the hospital for treatment. Tr. I, 161.

**{¶9}** Guleff was charged with obstructing official business, a violation of R.C. 2921.31(A) [M2], resisting arrest, a violation of R.C. 2921.33(A)[M2] and failure to disclose personal information, a violation of R.C. 2921.29(A)[M4].

**{¶10}** Guleff pleaded not guilty, and the case proceeded in the Alliance Municipal Court, Judge Zumbar presiding.  Guleff filed a motion to suppress which was denied by the trial court. Docket, 2022CRB01434.[1]

**{¶11}** On March 2, 2023, Guleff's jury trial began. The jury was allowed to ask questions of the witnesses. Tr. I, 136.  The jury asked Rajcan if Guleff was told why he was being stopped for jaywalking or just demand his name and ID.  Rajcan replied that Guleff was informed of the "illegal crossing of the roadway" and "stuff like that", the "totality of everything." Tr. I, 136-137.

**{¶12}** At trial, the jury heard testimony on behalf of the state of Detective Rajcan and Sergeant Minich.  They also viewed the body camera worn by the police officers and it was introduced into evidence. State's Exh. 1.

**{¶13}** Guleff testified on his behalf.

**{¶14}** Guleff asked for a jury instruction on excessive force but the trial court refused to instruct the jury as requested finding that the evidence, particularly the testimony of Guleff, did not support it. Tr. II, 229.

**{¶15}** After hearing the evidence and receiving instructions from the trial court, the jury returned with a verdict of guilty to all three charges.

---

[1] Guleff does not challenge the denial of his motion to suppress and the hearing transcript is not part of the record.

**{¶16}** Guleff returned to the trial court for sentencing on March 15, 2023. He was sentenced to a fine, good behavior for one year, and fifteen days CIP in lieu of five days in the Stark County Jail.[2] Guleff's motion for stay pending appeal was granted, and appellate bond was "set at exact same amount as total of fines and costs in this case." Docket, 2022 CRB 01434, 3/15/2023.

**{¶17}** Appellant filed this timely appeal arguing three assignments of error:

### ASSIGNMENTS OF ERROR

**{¶18}** "I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT, AND THE CONVICTION MUST BE REVERSED.

**{¶19}** "II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND MUST BE REVERSED.

**{¶20}** "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO INSTRUCT THE JURY ON THE EXCESSIVE FORCE DEFENSE TO RESISTING ARREST."

### LAW AND ANALYSIS

#### *Mootness*

**{¶21}** Before addressing the merits of appellant's appeal, we will consider the state's argument that Guleff's appeal is moot because the defendant-appellant's sentence has been satisfied, and there are no collateral disabilities from appellant's misdemeanor convictions and sentences.

---

[2] No transcript of the sentencing hearing is part of the record.

**{¶22}** It is well settled that a court will not decide an abstract, hypothetical or mooted controversy or render an advisory opinion. A case is moot when a rendered judgment can serve no useful purpose or effect. *Cyran v. Cyran,* Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9.

**{¶23}** Here, Guleff's case is not moot because he asked for and received a stay from the trial court. In a docket entry of 3/15/83, it states that "at the conclusion of sentencing court accepts defense counsel's motion for stay pending appeal and appointment of private appellate counsel – court sets appellate bond at exact same amount as total of fines and costs in this case." *Cleveland Hts. v. Lewis,* 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, syllabus (completion of sentence is not voluntary and will not make appeal moot, if circumstances surrounding it demonstrate that appellant neither acquiesced in judgment nor abandoned right to appellate review).

**{¶24}** Because appellant sought a stay from the trial court and it was granted, this Court will review Guleff's appeal on its merits.

**I.**

**{¶25}** In his first and second assignments of error, appellant argues that the state failed to present sufficient evidence to sustain a conviction and the conviction is against the manifest weight of the evidence. These assignments of error will be discussed together.

*Standard of Review*

{¶26} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), syllabus.

{¶27} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist., 1983).

{¶28} "Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." (Citations omitted). *State v. McCray,* 10th Dist., Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. A determination that a conviction is supported by the weight of the evidence will also be dispositive of sufficiency. *State v. Farra,* 2nd Dist. Montgomery No. 28950, 2022-Ohio-1421, ¶ 51.

{¶29} With these standards in mind, we will separately review Guleff's three misdemeanor convictions.

*Obstructing Official Business*

**{¶30}** R.C. 2921.31(A) states "[n]o person without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." The offense of obstructing official business, therefore, includes five essential elements. "(1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege." (Citations omitted). *State v. Blair,* 2nd Dist., Montgomery No. 29378, 2023-Ohio-88, ¶ 17.

**{¶31}** "A defendant must also engage in an affirmative or overt act that impedes a public official in the performance of her or his duties. A single refusal to respond to an officer's request does not constitute obstructing official business, but continued uncooperative behavior can amount to a violation." *Id, ¶ 18,* citing *State v. Crawford,* 2nd Dist., Montgomery No. 25506, 2013-Ohio-4398, ¶ 17.

**{¶32}** The evidence here supports a conviction for obstructing official business. When Guleff was asked to remain while Rajcan checked out his identity, he continued to try and walk away and pushed into Minich. He ignored the commands of Minich to turn away from him and stand still forcing Minich to take Guleff to the ground and handcuff him.

**{¶33}** Guleff testified during his trial and admitted that he did not follow the commands of Minich and kept turning his head around when he was told to look away

and remain standing. Tr. II, 216.  The body camera video was viewed by the jury and supports Guleff's conduct.

**{¶34}** Guleff argues in his brief that Rajcan was not permitted to stop or detain him because his job duties that day as part of the Stark County OVI Task Force did not allow him to stop and detain him.  But it is Minich who was primarily in control of Guleff at the time, and it is Minich's commands that were violated.  Minich testified that he was an Alliance officer assigned to surveil the area where Guleff was stopped.

**{¶35}** In short, Guleff's conviction for obstructing official business was supported by sufficient evidence and was not against the manifest weight of the evidence.

*Resisting Arrest*

**{¶36}** Appellant was convicted of resisting arrest in violation of R.C. 2921.33(A) which states the following:

> (A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another.  A person acts recklessly when "with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature…

**{¶37}** R.C. 2901.22(C).

**{¶38}** Here, the evidence was sufficient to support a conviction for resisting arrest, and the jury did not lose its way in convicting appellant of resisting arrest.

**{¶39}** In order to prove a lawful arrest, the state must prove both "that there was a reasonable basis to believe that an offense was committed, and that the offense was one for which the defendant could be lawfully arrested." *State v. Burns,* 2nd Dist.,

Montgomery No. 22674, 2010-Ohio-2831, ¶ 29, citing *State v. Vactor, 9th* Dist., Lorain No. 02CA008068, 2003-Ohio-7195, ¶ 34; *State v. Walker,* 5th Dist., Stark No. 2013CA4198257, 2014-Ohio-3693, ¶ 25.

**{¶40}** The evidence supported all of the necessary elements of resisting arrest. The jury heard the testimony of two Alliance police officers who were both subjected to cross examination. The jury was also able to view the body camera video of the officers. When Guleff was told to remain with Minich, he continued to try to walk away. When Minich finally was forced to take him to the ground to arrest him for obstructing official business, he continued to resist. He would not give Minich his hands so that handcuffs could be placed on them.

**{¶41}** Guleff's conviction for resisting arrest was supported by sufficient evidence and was not against the manifest weight of the evidence.

*Failure to Disclose Personal Information*

**{¶42}** Pursuant to R.C. 2921.29(A)(1), "[n]o person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects [that] the person is committing, has committed, or is about to commit a criminal offense." Failure to disclose personal information applies to anyone who is stopped by a law enforcement officer for an investigative detention. *State v. Crump,* 1st Dist., Hamilton No. C-190636, C-190637, 2021-Ohio-2574, ¶ 17. Here, Guleff was properly stopped by Rajcan when he observed him illegally walking across a street at 1:30 am in an area that was being patrolled because of car thefts and break-ins.

{¶43} But there is little evidence that Guleff did not comply with Rajcan's request for personal information. While initially Guleff was reluctant to disclose his information, he asked to call his attorney and Rajcan authorized the call. Immediately after the conversation with his attorney, he disclosed his identity even his social security number to the police officers. Indeed, he complied so rapidly that he was asked to slow down. Tr. I, 93. No body camera video captured the initial encounter because Rajcan testified that his body camera was not turned on. Tr. I, 94-95.

{¶44} So, too, there is little evidence that Guleff was committing a criminal offense or about to commit a criminal offense. *State v. Dunn,* 5th Dist., Licking No. 2019CA00101, 2020-Ohio-1261, ¶ 18. At most, Guleff was jaywalking, a minor misdemeanor which is a petty offense subject to a traffic citation at most. And there is very little evidence that he was even jaywalking. He was not charged with jaywalking and during Rajcan's testimony, he was reluctant to use the term jaywalking, saying "illegal crossing of the roadway" and "stuff like that". Tr. I, 136.

{¶45} Guleff testified that he often walks at night in that area, has seen police cruisers parked in the lot of the Alliance Senior Center and never been stopped. Tr. II, 199. He testified that he wanted to be cautious before giving out his identity information. Tr. II, 202.

{¶46} When Rajcan authorized him to call his attorney and his attorney advised him to identify himself, he did so promptly and without further delay.

{¶47} We conclude that his conviction for failure to disclose personal information was not supported by sufficient evidence and was against the manifest weight of the evidence.

**{¶48}** We vacate his conviction for failure to disclose personal information and affirm his convictions for resisting arrest and obstructing official business.

### III

**{¶49}** In his last assignment of error, appellant argues that the trial court erred in refusing to instruct the jury on the excessive force defense to resisting arrest. We disagree.

**{¶50}** "A jury instruction is proper where (1) the instruction is relevant to the facts of the case; (2) the instruction gives a correct statement of the relevant law, and (3) the instruction is not covered in the general charge to the jury." *Marshall v. Gibson,* 19 Ohio St.3d 10, 12, 482 N.E.2d 583 (1985); *State v. Elko,* 8th Dist., Cuyahoga No. 109082, 2020-Ohio-4466, 158 N.E.3d 929, ¶ 29.

**{¶51}** An appellate court reviews a trial court's failure to give a requested jury instruction under an abuse of discretion standard. *State v. Taylor,* 5th Dist., Richland App. No. 2022CA0007, 2023-Ohio-4160, ¶ 75.

**{¶52}** An "abuse of discretion" connotes more than an error of law or of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶53}** Guleff argues that the trial court was required to instruct the jury that he was entitled to reasonably resist the officers' unlawful excessive force even if the underlying arrest was lawful. Appellant's brief at 18. The state argues that since he denied that he resisted arrest, he is precluded from the affirmative defense of excessive force. State's brief at 15-16.

**{¶54}** This Court has held that an officer's use of excessive force is an affirmative defense that a defendant may raise in response to a charge of resisting arrest. *Mansfield v. Studer,* 5th Dist., Richland Nos. 2011CA93 and 2011CA94, 2012-Ohio-4840, ¶ 97, appeal not allowed, 134 Ohio St.3d 1485 (2013). In other words, the state does not have to prove, as part of the elements of lawful arrest, the arresting officer did not use excessive force in arresting appellant. *State v. Thompson,* 4th Dist., Ross No.92CA1906, 1992 WL 472907 (Nov. 9, 1993) *3.

**{¶55}** To obtain an instruction on the affirmative defense of excessive force, there must be actual evidence of excessive force. Here, the trial court refused to give the requested instruction on excessive force because the evidence did not support it. Minich testified that the c-clamp maneuver was necessitated by Guleff's continued resistance and to prevent injury to the officers or Guleff. Guleff himself testified that no chokehold was performed on him by the officers. That, at most, he felt like Minich was "just kind of smooshing my face." He didn't feel any pressure points from the administration of the c-clamp maneuver that Minich testified he performed on Guleff. The body camera video shows that Guleff's breathing was not impaired. Tr. 11, 218-220. He did not request medical attention but was sent to the hospital by the officers when he suffered abrasions from his hand being scraped on the pavement. While he claims to have broken ribs, no medical evidence was in the record to support that assertion.

**{¶56}** In short, the trial court did not abuse its discretion in failing to give an instruction on excessive force because the evidence in the record did not support it.

**{¶57}** Appellant's third assignment of error is overruled.

**CONCLUSION**

**{¶58}** Because we find that Guleff's conviction for obstructing official business and resisting arrest were supported by sufficient evidence and were not against the manifest weight of the evidence, his assignments of error number I and II are overruled as to those convictions and sentences. Guleff's conviction for failure to disclose personal information was not supported by sufficient evidence and was against the manifest weight of the evidence and therefore the assignments of error I and II are sustained as to that conviction.  Guleff's third assignment of error is overruled.

**{¶59}** Guleff's conviction for failure to disclose personal information will be vacated.  The trial court's judgments as to the remaining convictions and sentences will be affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.


JWW/kt 0214