[Cite as *State v. Fulton*, 2024-Ohio-2880.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230540 |
| | | TRIAL NO. 23CRB-11949B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| OCTAVIA FULTON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: July 31, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsely*, Chief Prosecuting Attorney, and *Chris Konitzer*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Presiding Judge.**

**{¶1}** Defendant-appellant Octavia Fulton was standing near her front porch when police officers, who suspected that Fulton's dog bit a child, approached her and asked for her name and date of birth. She declined to share anything other than her first name. After a bench trial, the trial court found Fulton guilty of failing to disclose information in violation of R.C. 2921.29(A)(1). On appeal, she maintains that the evidence was insufficient to support her conviction because it failed to prove that the officers were investigating a crime. The state agrees and so do we.

**{¶2}** We hold that where police officers request a person's personal information solely in connection with a civil investigation, the state cannot prove that officers reasonably suspected the person was "committing, ha[d] committed, or [wa]s about to commit a criminal offense." We sustain Fulton's assignment of error, reverse her conviction, and discharge her from further prosecution.

## I. Facts and Procedure

**{¶3}** In July 2023, police officers responded to a report that a dog bit a child in Fulton's neighborhood. When Fulton stepped out of her house, the officers approached her. After a brief conversation, the officers arrested Fulton and charged her with failing to disclose personal information in violation of R.C. 2921.29(A)(1).

**{¶4}** At her bench trial, the arresting officer described his interaction with Fulton as "contentious." He testified that Fulton "did not want to cooperate or give any information pertaining to the investigation of the dog." He asked her for her name and date of birth. While she gave her first name, she told officers that she wanted to see a photograph of the child's injury before providing additional information.

{¶5} When asked if he was investigating Fulton as a suspect in a potential crime, the officer answered, "No." He explained that he spoke to Fulton as part of the investigation "[f]or the report and then also there is a civil citation that needs to be issued." And eventually, she received "a civil citation."

{¶6} The trial court found Fulton guilty of failing to disclose her personal information and sentenced her to four days in jail. She appeals her conviction.

## II. Law and Analysis

{¶7} In a single assignment of error, Fulton maintains that the evidence was insufficient to convict her for failing to disclose her personal information because the officers were conducting a civil investigation when she withheld her information.[1] The state concedes this error.

{¶8} Fulton argues that insufficient evidence supported her conviction, so we view the evidence in favor of the state to determine whether a rational fact finder could have found that the state proved the elements of the offense beyond a reasonable doubt. *See State v. Smith*, 2021-Ohio-291, 167 N.E.3d 587, ¶ 12 (1st Dist.).

{¶9} R.C. 2921.29(A)(1) prohibits a person in a public place from withholding her name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects that she "is committing, has committed, or is about to commit a criminal offense." We have explained that R.C. 2921.29(A)(1) "applies to questioning in the context of an investigative detention, or '*Terry* stop,' and not to questions posed during a consensual encounter." *State v. Crump*, 1st Dist. Hamilton Nos. C-190636

---

[1] Fulton also argues that the evidence was insufficient to sustain her conviction because she was on private property when the officers questioned her, and the statute prohibits withholding information in a public place. Because we hold that the state failed to prove that officers reasonably suspected Fulton of committing a criminal offense, we decline to address that argument.

and C-190637, 2021-Ohio-2574, ¶ 17, citing *State v. Starcher*, 7th Dist. Jefferson No. 14JE17, 2014-Ohio-5223, ¶ 19-21.

{¶10} Fulton argues, and the state agrees, that the state offered no evidence that officers reasonably suspected Fulton of committing a criminal offense. The officer testified at trial that he was investigating a dog bite and was not questioning Fulton as a criminal suspect. She received a civil citation for the dog bite. Under Cincinnati Municipal Code 701-2(A)(1) and (B)(3), a dog-bite injury caused by the owner's failure to keep her dog physically confined or restrained "constitute[s] a Class C Civil Offense." That failure can rise to a misdemeanor offense if the dog was ever designated as a nuisance or dangerous dog. *See* Cincinnati Municipal Code 701-1-D-1 ("Dangerous Dog") and 701-1-N-1 ("Nuisance Dog"); R.C. 955.11(A)(1)(a) ("Dangerous Dog") and 955.11(A)(3)(a) ("Nuisance Dog"). There is nothing in the record to suggest that Fulton's dog was ever labeled a nuisance or dangerous dog.

{¶11} Because the evidence shows that Fulton withheld her information from officers who were investigating a civil matter, the state presented insufficient evidence to convict Fulton of failing to disclose her information in violation of R.C. 2921.29(A)(1).

### III.    Conclusion

{¶12} We sustain Fulton's assignment of error, reverse her conviction, and discharge her from further prosecution.

Judgment reversed and appellant discharged.

**BERGERON** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.